THOMAS C. MILLER *et al.*, plaintiffs in error *vs.* FRANCIS M. FISK, defendant in error.

1. Where title to property is derived from an award, the arbitrators have a lien for their proportion of their compensation due by the person to whom it was awarded, upon the property so awarded, superior to a mortgage executed by such person after the date of the award, but before it is entered on the minutes of the Court.

2. A judgment upon an award should follow the award, and where that provides that "the cost of this award and of the needful proceedings to make it the judgment of the Court shall be equally borne in equal degree by each and every party hereto, including just compensation to the arbitrators, to be set forth in the order making the award the judgment of the Court," the judgment should be against each party to the submission for his aliquot proportion of the expenses and no more, and not against a portion of the parties for the whole cost. Where there were four parties to the submission, under such an award, and

Miller *et al. vs.* Fisk.

the sum of $140 00 is fixed by the order of the Court as the compensa-
tion of the arbitrators, each party is liable for $35 00, and no more.

Arbitration and award. Lien of arbitrators for fees. Judg-
ment on award. Before Judge WRIGHT. Troup Superior
Court. May Term, 1871.

The issues in this case arose upon a rule against the sheriff
of Troup county, for the distribution of a certain fund in his
hands arising from the sale of a certain tract of land, on the
first Tuesday in June, 1869, under a mortgage execution in
favor of Francis M. Fisk. It appears from the bill of ex-
ceptions and the record, that said land was purchased by one
Samuel Akers, from Shirley Sledge, senior; that there existed
the vendor's lien against said property and divers other claims.
To clear the clouds resting upon the title to the property, all
questions in issue were submitted by the parties interested, on
March 22d, 1866, to the arbitrament and award of Thomas
C. Miller, Benjamin H. Bigham and George C. Heard. The
four parties to the submission were Shirley Sledge, Shir-
ley Sledge, as administrator of Samuel Curtwright, Shirley
Sledge, jr., as agent of the administrator of Collins Sledge
and Samuel Akers. The award was made on March 24th,
1866, a portion of which was as follows:

"The cost of this award and of the needful proceedings to
make it the judgment of the Court shall be equally borne in
equal degree by each and every party hereto, including just
compensation to the arbitrators, to be set forth in the order
making this award the judgment of the Court."

At May term, 1866, of the Superior Court, the following
order was passed:

"Upon motion, it is ordered that the foregoing award and
proceedings be made the judgment of the Court, and be entered
on the minutes of this Court, the compensation of the arbi-
trators to be as follows: to Benjamin H. Bigham, $100 00,
and to T. C. Miller, $20 00, and to George C. Heard, $20 00,
the estate of Samuel Curtwright and Samuel Akers, both to
be alike liable and bound therefor, also for the costs which

shall be $6 50." On May 5th, 1866, Samuel Akers execu-
ted said mortgage on said land to Francis M. Fisk, for the
sum of $6,475 00, which was recorded on May 7th, 1866.
On June 12th, 1866, an execution issued in favor of the arbi-
trators, against Samuel Akers for $140 00, for compensation,
besides costs, based on the order making the award the judg-
ment of the Court. A rule absolute was taken on the Fisk
mortgage on November 18th, 1868, and execution issued on
December 30th, 1868. The question for the decision of the
Court was which of the two foregoing executions took pre-
cedence.

The Court instructed and ordered the sheriff to pay over
the fund in his hands to the mortgage execution in favor of
Francis M. Fisk. Whereupon, Thomas C. Miller and the
other arbitrators excepted, and now assign said ruling as error.

B. H. Bigham, for plaintiffs in error.

Speer & Speer; C. W. Mabry, for defendant.

Montgomery, Judge.

1. The lien of a judgment founded on an award under the
Code relates back to the date of the award—certainly so far
as to take precedence of any lien of equal degree created on
the property (by the party to whom it was awarded, and the
foundation of whose title is the award,) between the date of
the award and the day it is made the judgment of the Court.
It is analogous to a mortgage given but not recorded imme-
diately, although recorded within the time required by law.
Or to a judgment at common law, when appeals were allowed,
confirmed on appeal.

2. This Court has at least twice decided very lately that
judgments must follow the verdicts on which they are founded.
It has also held an award to be equivalent to a verdict: *White-
lock vs. Crew,* 28 *Georgia,* 291. Hence, under the facts of
this case, the judgment should have been against each party
to the award for $35 00, and no more.

Judgment reversed.